Kathryn J. Halford (CA State Bar No. 68141)
khalford@wkclegal.com
Elizabeth Rosenfeld (CA State Bar No. 106577)
erosenfeld@wkclegal.com
**WOHLNER KAPLON CUTLER HALFORD & ROSENFELD**
16501 Ventura Boulevard, Suite 304
Encino, CA 91436
Telephone: (818) 501-8030 ext. 331
Facsimile: (818) 501-5306

Attorneys for Plaintiff Board of Trustees of the Teamsters Miscellaneous Security Trust Fund

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

### Western Division

| | |
|---|---|
| BOARD OF TRUSTEES OF THE TEAMSTERS MISCELLANEOUS SECURITY TRUST FUND in their capacity as fiduciaries for the TEAMSTERS MISCELLANEOUS SECURITY TRUST FUND,<br><br>Plaintiff,<br><br>vs.<br><br>GLOBAL EXPERIENCE SPECIALISTS, INC. aka GES, a Nevada corporation,<br><br>Defendant. | **CASE NO.**<br><br>**COMPLAINT FOR BREACH OF CONTRACT AND VIOLATON OF ERISA**<br><br>[29 U.S.C. §§1132, 1145]<br>[29 U.S.C. §185] |

-1-
COMPLAINT

Plaintiffs allege as follows:

## JURISDICTION

1. Jurisdiction is conferred upon this court under the Labor-Management Relations Act of 1947, as amended ("LMRA"), §301(a), 29 U.S.C. § 185(a), and the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), §502(e)(1), 29 U.S.C. §1132(e)(1).

## VENUE

2. In accordance with ERISA §502(e)(2), 29 U.S.C. §1132(e)(2), venue is appropriate in the Central District of California as the place where the Teamsters Miscellaneous Security Trust Fund ("TMSTF") is administered, and the place where the contractual obligations alleged herein are to be performed.

## PARTIES

3. The Teamsters Miscellaneous Security Trust Fund ("TMSTF") is an express trust which was established pursuant to collective bargaining agreements between various employers and local unions affiliated with the International Brotherhood of Teamsters ("IBT"), in industries affecting commerce.

4. The TMSTF was created and is maintained pursuant to LMRA § 302(c)(5), 29 U.S.C. §186(c)(5) and is an "Employee Welfare Benefit Plan" within the meaning and definition of ERISA §3(1), 29 U.S.C. § 1002(1). It is a "multiemployer plan" within the meaning of ERISA § 3(37)(A), 29 U.S.C. § 1002(37)(A), and ERISA §515, 29 U.S.C. §1145 and is subject to the provisions of LMRA §302(c)(5), 29 U.S.C §186(c)(5). The TMSTF is administered within the jurisdiction of this District.

5. Plaintiff, the Board of Trustees of the Teamsters Miscellaneous Security Trust Fund ("Plaintiff" or "Board") is the Administrator of the TMSTF, and its members are fiduciaries with respect to the TMSTF within the meaning of ERISA §21(A), 29 U.S.C. § 1002(21)(A).

6. Plaintiff is informed and believes and thereon alleges that during all times relevant herein, Defendant GLOBAL EXPERIENCE SPECIALISTS, INC., also known as GES ("GES") was and is a corporation organized and existing under and by virtue of the laws of the state of Nevada, with its principal place of business in City of Las Vegas, Nevada.

7. This complaint is prosecuted pursuant to the LMRA Section 301(a), 29 U.S.C. §185(a), and pursuant to ERISA Sections 502 and 515, 29 U.S.C. §§1132 and 1145, to enforce the provision of ERISA against an employer engaged in an industry affecting commerce.

## FIRST CLAIM FOR RELIEF

(Breach of Contract)

8. Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 7, as fully set forth herein.

9. At all times relevant herein, GES has been bound to a written collective bargaining agreement negotiated between General Teamsters, Airline, Aerospace and Allied Employees, Warehousemen, Drivers, Construction, Rock and Sand Local 986 ("Union") and Trade Show Industry ("Labor Agreement"), whereby GES agreed to make contributions to the TMSTF on behalf of its employees performing work covered by the Labor Agreement. A true and correct copy of relevant portions of the Labor Agreement, and the two extension agreements entitled "Letter of Agreement Contract Extension Agreement" dated May 19, 2020 and November 3, 2020, are attached hereto and incorporated herein as Exhibit "1." During all times relevant herein the Labor Agreement was and remains in full force and effect.

10. At the time GES executed the Labor Agreement, GES also executed Trust Acceptances and Contract Data form for the TMSTF whereby GES became bound to the terms and conditions of the Agreement and Declaration of Trust establishing the TMSTF (the "Trust Agreement") and agreed to pay contributions

at specified rates to the TMSTF on behalf of employees performing bargaining unit work. True and correct copies of the Trust Acceptance and Contract Data form executed by GES is attached hereto and incorporated herein by this reference as Exhibit "2." The Labor Agreement (including the Extension Agreements) and Trust Agreement are collectively referred to as "Agreements."

11. The Agreements require each employer to submit reports and pay contributions to the TMSTF on behalf of all covered employees on the first (1st) day of the month based upon work performed during the previous month. Reports and contributions are considered delinquent if not postmarked by the twentieth (20th) day of the month for which contributions are owed.

12. At all times mentioned herein, it was and now is impracticable and extremely difficult to fix the amount of actual damage to the TMSTF resulting from the nonpayment of contributions. The amount agreed upon in the Trust Agreement, as and for liquidated damages, represented and now represents a reasonable endeavor to ascertain and compensate for the damages caused to the TMSTF by the nonpayment of contributions and/or failure of an employer to timely submit contributions to the TMSTF. The Trust Agreement sets the amount assessed as and for liquidated damages, and not as a penalty, at twenty percent (20%) of the delinquent contributions, or twenty-five dollars ($25.00), whichever amount is greater.

13. The Agreements further provide that, if an employer is delinquent with submission of reports and/or contributions, an employer must pay interest on the delinquent contributions at the rate of ten percent (10%) per annum from due dates until paid, and any attorney fees and costs incurred by the TMSTF for collection and/or enforcement.

14. At all times relevant herein, the Agreements have been in full force and effect.

15. Plaintiff is informed and believes and upon that basis alleges that during all times relevant herein GES employed workers covered by the provisions of the Labor Agreement for whom contributions were required to be paid to the TMSTF.

16. Defendant has failed to timely report and pay contributions at the rates required by the Agreements for the months of May 2020 through January 2021. After applying all payments received by the TMSTF, the balance of unpaid contributions owed for the period of May 2020 through January 2021 is $331,692.00.

17. As a result of Defendant's failure to timely report and pay contributions for the months of May 2020 through December 2020, the TMSTF assessed liquidated damages on unpaid and delinquent contributions. Liquidated damages will be assessed on the unpaid contributions in the amount of $55,132.00 owed for January 2021, unless paid by January 20, 2021.

18. The amount currently assessed as and for liquidated damages, and not as a penalty, on unpaid and delinquent contributions for the months of May through December 2020 is $54,011.80.

19. As a result of Defendant's failure to timely pay contributions owed for the months of May 2020 through January 2021, and in accordance with the terms of the Agreements, interest has accrued and continues to accrue on all unpaid contributions from the dates contributions were due until the date paid at the rate of 10 percent (10%) per annum.

20. Plaintiff is informed and believes and upon that basis alleges that Defendant breached its obligation under the Agreements by failing to timely pay contributions, liquidated damages, and accrued interest assessed upon unpaid and delinquent contributions owed to the TMSTF.

21. Because of Defendant's failure to timely report and pay contributions, it has been necessary for the TMSTF to engage the law firm of Wohlner Kaplon Cutler Halford & Rosenfeld.

22. As a result of Defendant's breach of the Agreements, Plaintiff has been damaged in an amount equal to the total amount of unpaid contributions, liquidated damages, and interest assessed on unpaid and delinquent contributions, attorneys' fees and all costs incurred in enforcing the terms of the Agreements.

23. laintiff has complied with all conditions precedent, if any, to be performed under the terms of the Agreements.

## SECOND CLAIM FOR RELIEF

(Violation of ERISA)

24. Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 23, as if fully set forth herein.

25. By failing to accurately report and pay contributions to the TMSTF in accordance with the Agreements, Defendant has violated ERISA §515, 29 U.S.C. §1145. In accordance with the terms of the Agreements and pursuant to ERISA §§502(g)(2) and 515, 29 U.S.C. §§1132(g)(2) and 1145, Plaintiff is entitled to and hereby demands, in addition to the payment of all unpaid contributions owed by Defendant, an award of liquidated damages assessed on unpaid and delinquent contributions for the months of May 2020 through January 2021, all accrued interest from due dates to the date(s) of payment, together with reasonable attorney's fees and all costs incurred in enforcing the terms of the Agreements.

WHEREFORE, Plaintiff prays for judgment against Global Experience Specialists, Inc., also known as GES, a Nevada corporation, as follows:

## ON THE FIRST AND SECOND CLAIMS FOR RELIEF:

1. For unpaid contributions for the months of May 2020 through January 2021 in the amount of $331,692.00, and such other contributions that may

1 | be determined to be owed to the TMSTF for period after January 2021, according to proof;

2. For liquidated damages assessed at the rate of 20 percent (20%) of the unpaid and delinquent contributions for the months of May 2020 through December 2020 in the amount of $54,011.80, and such other liquidated damages as may be assessed by the TMSTF for the period after December 2020, according to proof;

3. For interest calculated at the rate of 10 percent (10%) per annum on all unpaid contributions for the months of May through January 2021, and on such other contributions as may be determined to be owed for the period after January 2021 from the dates the contributions are owed to dates the contributions are paid, according to proof;

4. For reasonable attorneys' fees incurred in prosecuting this action;

5. For costs of suit;

6. For such other relief as the court deems appropriate.

**ON THE SECOND CLAIM FOR RELIEF**:

7. For such other legal or equitable relief under ERISA § 502(g)(2)(E); 29 U.S.C. §1132 (g)(2)(E) as the Court deems appropriate.

DATED: January 7, 2021

Kathryn J. Halford
Elizabeth Rosenfeld
**WOHLNER KAPLON CUTLER HALFORD & ROSENFELD**

BY:   /s/*Kathryn J. Halford*
Kathryn J. Halford
Attorneys for Plaintiffs
BOARD OF TRUSTEES OF THE TEAMSTERS MISCELLANEOUS SECURITY TRUST FUND in their capacity as fiduciaries for the TEAMSTERS MISCELLANEOUS SECURITY TRUST FUND